flEstado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V (ESPECIAL)

| ARLENE VÉLEZ RAMOS; JOSÉ ANTONIO VÉLEZ ABREU, ELSA IRIS RAMOS ÁVILA Y LA SOCIEDAD DE BIENES GANACIALES COMPUESTA POR AMBOS<br><br>Recurrida<br><br>v.<br><br>DIVERSIFIED AND SPECIAL SERVICES, INC.; LCDO. AGUSTÍN GARCÍA ACEVEDO, FULANA DE TAL; BANCO "ABC", CORPORACIÓN "ABC"; COMPAÑÍA ASEGURADORA Y/O FIADORA "XYZ"<br><br>Peticionaria | KLCE202400702 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de AGUADILLA<br><br>Caso Núm.:<br>AG2022CV00185<br><br><br>Sobre:<br>*Injunction* Preliminar y Permanente;<br>Incumplimiento de Contrato;<br>Daños y Perjuicios |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez

Mateu Meléndez, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de julio de 2024.

El 27 de junio de este año, Diversified and Special Services, Inc. (en adelante, la peticionaria o Diversified) presentó ante este Tribunal de Apelaciones un *Recurso de Certiorari,* mediante el cual nos solicita la revocación de la *Resolución* dictada por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (en adelante, TPI o foro primario), el 10 de mayo de 2024, notificada el día 13. Por virtud del aludido dictamen, el TPI se negó a desestimar la segunda causa de acción que la parte recurrida de epígrafe instó en su contra.

Evaluados los planteamientos sometidos ante nuestra consideración, resolvemos denegar la expedición del auto de *certiorari* solicitado.

Número Identificador

RES2024 _____

-I-

El 11 de febrero de 2022, Arlene Vélez Ramos; José Antonio Vélez Abreu, Elsa Iris Ramos Ávila y la Sociedad Legal de Gananciales compuesta por ambos (en adelante, la parte recurrida) instaron *Demanda Jurada* contra Diversified, Agustín García Acevedo (en adelante, García Acevedo) y otros. Allí, indicaron haber suscrito sendos contratos de compraventa con la peticionaria para adquirir dos unidades de vivienda, dándose un pago inicial de $3,000.00 para cada una de ellas. Según la parte recurrida, la fecha de expiración del contrato venció sin que se completara la construcción de las unidades, por lo que se declaró vencido el mismo, conforme la cláusula contractual. La razón dada para ello fue la pandemia y la regulación gubernamental, las cuales tuvieron efectos económicos devastadores para la empresa, así como atrasos significativos en los trabajos.

Se alegó en la *Demanda Jurada* que García Acevedo les indicó que, de todavía interesar adquirir las unidades, podrían hacerlo, pero a un costo mayor al estipulado inicialmente. Citándole, se expuso que, al reclamarse el cumplimiento específico, García Acevedo manifestó que podía hacer lo que quisiera sin tener que dar explicaciones, pues el dueño era él. Así, por esto y demás razones, solicitaron del tribunal una orden dirigida a los demandados para que cesaran y desistieran de cualquier actuación que le impida recibir la entrega al precio pactado de dos unidades de vivienda, así como el otorgamiento de las escrituras de compraventa. Además, requirieron el cumplimiento específico del contrato de compraventa o, en su defecto, que el foro primario ordenara completar la construcción, entrega y otorgamiento de la escritura para elevar la compraventa de las unidades a escritura pública y una indemnización no menor de $30,000.00, por concepto de los daños y perjuicios que alegaron sufrir, como consecuencia del incumplimiento de Diversified con sus obligaciones contractuales.

Posteriormente en el caso, específicamente el 29 de enero del año en curso, Diversified solicitó la desestimación de la causa de acción de cumplimiento específico del contrato. Expuso que, durante el trámite del caso, la orden de interdicto preliminar mediante la cual en su momento se le ordenó a no enajenar, gravar, arrendar o ceder los apartamentos en controversia quedó sin efecto. Informó que, debido a ello, al no existir un impedimento para enajenar los inmuebles, tales apartamentos fueron vendidos. Por razón de ello, expuso que el remedio solicitado ante la causa de acción de cumplimiento específico se tornó académico, debiéndose desestimar.

Luego de varios trámites, la parte recurrida finalmente se opuso a la moción de desestimación el 20 de febrero de 2024. Al así hacerlo, reconoció que los apartamentos mencionados en la *Demanda Jurada* fueron enajenados. Sin embargo, arguyeron que **Diversifed**- a quienes señalaron como la causante de la imposibilidad de cumplimiento específico- **es una desarrolladora que cuenta con un inventario de apartamentos de la misma especie que pueden ser objeto de cumplimiento específico.** Reclamaron que esto es posible, pues los inmuebles mencionados en su reclamación son homólogos a otros inmuebles que son objeto de desarrollo por las partes demandadas.

Atendida la moción dispositiva, así como la correspondiente oposición, el TPI emitió la *Resolución* recurrida. Allí, expresó que adoptaba el planteamiento de la parte recurrida. Dicho esto, resolvió que, si bien los aludidos apartamentos fueron vendidos, lo procedente era rechazar la solicitud de desestimación y proceder con el caso bajo el procedimiento ordinario, pues bien podría advenir una causa de acción en daños y perjuicios. Inconforme con lo resuelto, Diversifed instó el recurso de epígrafe y como único señalamiento de error adujo que se equivocó el TPI

al no desestimar la segunda causa de acción sobre cumplimiento específico, habiéndose tornado académica.

Atendido el recurso, emitimos *Resolución* en la que concedimos término a la parte recurrida para comparecer. Vencido el plazo, esta no ha acudido ante nos a expresar su posición en cuanto al recurso. Por ello, y sin el beneficio de su comparecencia, damos por sometido el asunto y procedemos a atender el recurso.

-II-

*A.*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163 (2020). La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016). Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*.

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. McNeil Healthcare v. Mun. Las Piedras I, *supra*; Scotiabank v. ZAF Corp et al., 202 DPR 478 (2019). La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." 800 Ponce de León v.

AIG, *supra*. Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." McNeil Healthcare v. Mun. Las Piedras I, *supra*.

*B.*

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite a una parte que es demandada, mediante la presentación de una moción debidamente fundamentada a esos fines, solicitar la desestimación de la demanda instada en su contra. En particular, la referida regla establece que la parte demandada podrá solicitar la desestimación de la demanda en su contra por alguno de los siguientes fundamentos:

    (1)  Falta de jurisdicción sobre la materia.
    (2)  Falta de jurisdicción sobre la persona.
    (3)  Insuficiencia del emplazamiento.
    (4) Insuficiencia del diligenciamiento del emplazamiento.
    (5) Dejar de exponer una reclamación que justifique la concesión de un remedio.
    (6) Dejar de acumular una parte indispensable. *Íd*.

Al respecto, el más alto foro ha expresado que, al resolverse una moción de desestimación por el fundamento de que la demanda deja de exponer una reclamación que justifique la concesión de un remedio, el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente. Cruz Pérez v. Roldán Rodríguez, 206 DPR 261,267 (2021) al citar a Colón Rivera et al v. ELA, 189 DPR 1033 (2013 y a Rivera Sanfeliz et al v. Jta. Dir. FirstBank, 193 DPR 38 (2015).

Cónsono con lo anterior, las alegaciones en la demanda se tienen que interpretar "[c]onjuntamente, liberalmente y de la forma más favorable posible para la parte demandante" Cruz Pérez v. Roldán Rodríguez, et al.,

*supra*; López García v. López García, 200 DPR 50, 69 (2018). En ese sentido, la demanda no deberá desestimarse a menos que se demuestre que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar. López García v. López García, *Íd*.

Una demanda será desestimada solo si de esta se desprende que carece de todo mérito o que la parte demandante no tiende derecho alguno bajo cualesquiera de los hechos que se puedan probar. Cruz Pérez v. Roldán Rodríguez, et al, *supra,* citando a González Méndez v. Acción Social, 196 DPR 213 (2016).

-III-

Previo a atender la controversia planteada ante nuestra consideración, debemos señalar que, recurriéndose de la denegatoria de una moción de carácter dispositivo, estamos facultados, conforme a lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, para revisar esta determinación mediante un recurso de *Certiorari.* En este, como arriba indicamos, Diversified argumenta que se equivocó el TPI al denegar su solicitud de desestimación de la causa de acción de cumplimiento específico, puesto que la misma advino académica ante la venta de los apartamentos aludidos en la *Demanda Jurada*.

La parte recurrida no compareció a exponer su posición, pese a la oportunidad brindada para ello. Ahora, examinado el legajo apelativo, no identificamos presente alguno de aquellos factores enunciados en la Regla 40 de nuestro Reglamento para determinar la expedición del auto discrecional del *certiorari*. No nos parece que la decisión recurrida sea contraria a derecho, ni que en esta haya mediado prejuicio, parcialidad por parte del TPI o que la expedición del auto evite el fracaso de la justicia, mereciendo, pues, nuestro respeto.

**-IV-**

Por todo lo antes consignado, denegamos expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones